```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION


DEBRA A. ZANDSTRA,              )
                                )
         Plaintiff              )
                                )
         v.                     )   CIVIL NO. 2:11 cv 359
                                )
REBECCA HOYT FISCHER; DOES 1-10;)
HORIZON BANK NA,                )
                                )
         Defendants             )
```

OPINION AND ORDER

This matter is before the court on the Motion for a More Definite Statement [DE 26] filed by the defendant, Rebeca Hoyt Fischer, on February 1, 2012.  For the reasons set forth below, the motion is **GRANTED IN PART** and **DENIED IN PART.**

Background

The plaintiff, Debra Zandstra, filed a *pro se* complaint on September 26, 2011.  Zandstra amended her complaint two days later.  In her amended complaint, Zandstra alleges that the defendants:  (1) violated the Fair Debt Collections Protections Act by using false, deceptive, and misleading representations, threatening to take illegal actions, and continuing collection activity after receiving notice of dispute; (2) violated the Real Estate Settlement Procedure Act by failing to show it was the holder of a debt instrument to which Zandstra was liable, failing to establish a lien, failing to itemize the charges that com-

prised the total amount of the alleged debt, and failing to communicate information about the amount of debt to plaintiff; (3) committed common law fraud by sending a letter demanding payment; and (4) caused emotional distress.

The defendants filed a motion to dismiss for failure to state a claim on October 13, 2011, arguing that Zandstra's amended complaint lacked adequate specificity. The court denied the defendants' motion, explaining that the "Defendants' Motion neglects to expose with any particularity the Amended Complaint's putatively fatal omissions." Fischer now asks the court to order the plaintiff to set forth a more definite statement.

## Discussion

Federal Rule of Civil Procedure 12(e) states that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Motions for a more definite statement generally are disfavored. A motion for more definite statement cannot be used to obtain factual details that can be gathered through discovery. ***CNH America, LLC v. Equipment Direct-USA, LLC***, 2010 WL 1790364, *2 (C.D. Ill. April 1, 2010). "If the pleading meets the requirements of Rule 8 FRCP and fairly notifies the opposing party of the nature of the claim, a motion for a more definite statement should not be

granted." *CNH America*, 2010 WL 1790364 at *2; *Wishnick v. One Stop Food & Liquor Store, Inc.*, 60 F.R.D. 496, 498 (N.D. Ill. 1973).

Allegations other than those of fraud and mistake are governed by the pleading standard outlined in Federal Rule of Civil Procedure 8(a)(2), which requires a "short and plain statement" to show that a pleader is entitled to relief. The Supreme Court clarified its interpretation of the Rule 8(a)(2) pleading standard in a decision issued in May 2009. While Rule 8(a)(2) does not require the pleading of detailed allegations, it nevertheless demands something more "than an un-adorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). The plaintiff must do more than make "[t]hreadbare recitals of the elements of a cause of action" that amount to "legal conclusions". *Iqbal*, 556 U.S. at 677, 129 S.Ct. at 1949. The pleaded facts must show more than a "mere possibility of misconduct" to satisfy the pleading standard outlined in Rule 8(a)(2). *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949-50. *See also Hecker v. Deere & Co.*, 569 F.3d 708, 711 (7th Cir. 2009).

Allegations of fraud or mistake must also state the circumstances surrounding the fraud or mistake "with particularity," although these allegations still are bound by the standards of

Rule 8(a)(2). Federal Rule of Civil Procedure 9(b). *See* ***Iqbal***, 129 S.Ct. at 1954 (explaining that the heightened pleading standard of Rule 9(b) does not grant a "license to evade" the constraints of Rule 8). All civil cases filed in federal court must meet the heightened standards of Rule 9(b), "whether or not the applicable state or federal law requires a higher standard of proving fraud." ***Ackerman v. Northwestern Mutual Life Insurance Co.***, 172 F.3d 467, 470 (7th Cir. 1999).

To plead fraud with the required particularity, a complaint "must allege 'the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff.'" ***Kennedy v. Venrock Associates***, 348 F.3d 584, 593 (7th Cir. 2003)(*quoting* ***Sears v. Likens***, 912 F.2d 889, 893 (7th Cir. 1990)). *See also* ***U.S. ex rel West v. Ortho-McNeil Pharmaceutical, Inc.***, 2007 WL 2091185, *3 (N.D. Ill. July 20, 2007)(stating that Rule 9(b) requires a plaintiff alleging fraud to include the "who, what, when, where, and how: the first paragraph of any newspaper story")(*citing* ***DiLeo v. Ernst & Young***, 901 F.3d 624, 627 (7th Cir. 1990)). Although the misrepresentation that a plaintiff claims was fraudulent must be stated in her complaint, Rule 9(b) does not demand that the plaintiff's "theory of the case" be explained because the sufficiency of this portion

4

of a claim is tested under Rule 12(b)(6). ***Midwest Commerce Banking Co. v. Elkhart City Ctr.***, 4 F.3d 521, 523-24 (7th Cir. 1993). In ***Elkhart***, the court found that the plaintiff's complaint, which alleged that a law firm fraudulently failed to inform the plaintiff that a loan agreement remained unsigned, satisfied Rule 9(b) because it "set forth the date and content of the statements . . . that it claimed to be fraudulent." ***Elkhart***, 4 F.3d at 524. Importantly, it is in the *complaint*, and not in a party's subsequent *brief*, where the "requisite particularity" must first be pled. ***Kennedy***, 348 F.3d at 593.

As a *pro se* litigant, [a] "[p]laintiff is permitted a more lenient standard with respect to her pleadings than that imposed on a practicing attorney." ***Cintron v. St. Gobain Abbrassives, Inc.***, 2004 WL 3142556, * 1 (S.D. Ind. Nov. 18, 2004). Although the court recognizes that *pro se* litigants face special challenges that litigants represented by counsel do not, *pro se* litigants are not excused from following procedural rules simply because the "rules of procedure are based on the assumption that litigation is normally conducted by lawyers." ***Lee v. Wal-Mart Stores***, 1994 WL 899240, *1 (N.D. Ind. Apr. 12, 1994). In ***Lee,*** the court stated:

> [the court] ha[s] never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.

5

> As we have noted before, "in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of even-handed administration of the law."
>
> *Lee*, 1994 WL 899240 at *1 (*quoting* ***Mohasco Corp. v. Silver,*** 447 U.S. 807, 826, 100 S.Ct. 2486, 2497, 65 L.Ed.2d 532 (1980))

Fischer first complains that Zandstra cited a list of statutes and rights in paragraph 5 of her complaint that are not mentioned in the remainder of her complaint. Specifically, Zandstra referenced claims under the Truth in Lending Act, the Home Equity Protection Act, and Uniform Commercial Code, in addition to violations of her fundamental rights. If Zandstra intends to pursue these claims, she must do more than cite the statutes. Zandstra must plead facts to show that she has a plausible cause of action under the Truth in Lending Act, the Home Equity Protection Act, and Uniform Commercial Code, and that the defendants violated her fundamental rights under the Constitution. Her recitation of statutes without any indication of the factual basis fails to comply with Rule 8's pleading standard. For this reason, Zandstra is **DIRECTED** to provide a more definite statement of the factual basis for any claims she intends to pursue under the Truth in Lending Act, the Home Equity Protection Act, and Uniform Commercial Code, or violations of her fundamental rights.

Fischer next complains that Zandstra referred to "the defendant" throughout her Amended Complaint but did not define which defendant the allegations referenced or whether the allegations were intended to encompass all the defendants. Zandstra is **DIRECTED** to clarify which defendants are responsible for each claim raised in her complaint.

Fischer next complains that Zandstra's complaint contains vague allegations and no specific facts to support her allegations. Fischer first points to Zandstra's statements that "Defendant . . . caused to be prepared and sent to Plaintiff, a document noticing Plaintiff that Defendant was the agent for the holder of a claim against Plaintiff and the personal and real property of the Plaintiff", and "Defendant . . . has made demands and continues to make demands on Plaintiff for payment of an alleged debt." Fischer complains that Zandstra has failed to identify which document and demands she is referencing. However, the court will not demand a more definite statement of something that can be identified through discovery. *CNH America*, 2010 WL 1790364 at *2. Zandstra's complaint identified the demands as those made by Fischer, and set forth the content of the demands Fischer made in paragraph 11 of her complaint. In light of Zandstra's *pro se* status, which requires the court to liberally interpret her complaint, she has satisfied the pleading require-

ments.  It is sufficiently clear that Zandstra was referring to communications Fischer made in an effort to collect payment.  Any further details about the content and time of the communications may be obtained during discovery.

Fischer next complains that Zandstra failed to allege specific facts to support her allegation that the defendant "misrepresented the character, amount and legal status of the alleged debt."  In paragraph 13, Zandstra broadly alleges that the defendant misrepresented the character, amount, and legal status of the debt, and that such misrepresentations were made through the mail.  However, Zandstra provided greater specificity later in her complaint, in paragraph 21.  Here, Zandstra explained that the defendant mailed a letter on September 19, 2011, seeking $108,776.03 which plaintiff did not owe and the defendant was unable to establish was due.  It was this demand for payment that serves as the basis for Zandstra's complaint that the defendant made a misrepresentation of the amount due.  Zandstra included ten bullet points explaining that the defendant was unable to establish that Zandstra owed the debt and misrepresented that Zandstra was indebted to the defendant.  Zandstra fully laid out the time, place, and character of the misrepresentations.  If Zandstra intends to rely on misrepresentations other than the September 19, 2011 correspondence, such communication

must be set forth in her complaint, and she is granted leave to amend the complaint to include the time, place, and content of any additional misrepresentations. Otherwise, her complaint is sufficient as it stands.

Fischer next complains that Zandstra did not identify how she was threatened or what actions she relies on to support her allegations that the defendant willfully continued the collection activity. Zandstra did not refer to any specific communication other than the September 19, 2011 letter, and Zandstra's summary of the letter did not point to one threat. Zandstra must point to some facts to show that these allegations are plausible, including additional communications to collect the debt and the content of any threats she received from the defendants. *See* ***520 S. Michigan Ave. Association v. Unite Here, Local 1***, 2010 WL 2836666, *5 (N.D. Ill. July 15, 2010) (explaining that allegation that defendant harassed and intimidated without any reference to the facts surrounding the alleged threats did not satisfy Rule 8's pleading standard as explained by ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). As it stands, Zandstra's complaint makes allegations without any factual support. Zandstra is **DIRECTED** to amend her complaint to show how, when, and by whom she was threatened, and

what additional communications the defendant made in an effort to collect the debt.

Fischer next complains that Zandstra alleges she mailed "Qualified Written Requests" to the defendants but that the defendants are unaware of what she is referring to. The defendants note that the allegation may have been a typographical error because Zandstra's complaint currently alleges that the defendant mailed the requests to the defendant. Zandstra is **DIRECTED** to clarify what document she is referring to.

Fischer next complains that Zandstra did not identify all of her claims under the Fair Debt Collection Practices Act ("FDCPA"). Paragraph 26 states that "Defendant's violations of the FDCPA include, but are not limited to 15 U.S.C. §1692g by overshadowing and is inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." Earlier in her complaint, Zandstra alleged that the defendant violated 15 U.S.C. §1692(e)-(f), and stated the factual basis for her complaint. Zandstra's reference that her claims arising under the FDCPA are not limited to those arising under §1692g[1] may simply refer back to her allegations under §1692e-f. Zandstra is **DIRECTED** that she must specify all violations of the FDCPA that she intends to pursue.

---

[1] The court assumes that Zandstra is referring to 15 U.S.C. §1692g.

Zandstra may not seek relief for violations not listed in her complaint. If Zandstra intends to pursue additional violations of the FDCPA, she is **DIRECTED** to amend her complaint accordingly. Otherwise, there is sufficient information for the defendant to respond to the violations of the FDCPA Zandstra cites.

Finally, Fischer complains that Zandstra has not provided the level of specificity required to plead fraud. Allegations of fraud must include the time, place, and content of the misrepresentations. In Paragraph 29, Zandstra explains that the fraud arose from a letter dated September 19, 2011, that the defendant sent through the mail. In the letter, the defendants misled Zandstra into believing she was obligated to forfeit her personal property or receive a money judgment or lien against her property. Zandstra also alleges that the defendants made false representations. However, Zandstra does not identify whether these false representations also were contained in the September 19, 2011 letter or whether they came from other correspondence. Zandstra is **DIRECTED** to identify the time, place, and content of the false representations the defendant made in an effort to collect the debt, if any were made other than in the September 19, 2011 letter to which she refers.

---

Based on the foregoing, the Motion for a More Definite Statement [DE 26] filed by the defendant, Rebecca Hoyt Fischer, on February 1, 2012, is **GRANTED IN PART** and **DENIED IN PART**.  The plaintiff, Debra Zandstra, is **DIRECTED** to provide a more definite statement consistent with this Order within 14 days.

ENTERED this 26th day of June, 2012

                              s/ ANDREW P. RODOVICH
                                 United States Magistrate Judge